| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>ANERIO V. ALTMAN, ESQ. #228445<br>27031 VISTA TERRACE #209<br>LAKE FOREST, CA 92630<br>PHONE:  949-218-2002<br>FAX:  949-315-3212<br>avaesq@cox.net<br><br><br>*Attorney for Plaintiff* BRIAN GREGG, DEBTOR | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: BRAIN GREGG<br><br><br>Debtor**.** | CHAPTER  _7_<br><br>CASE NUMBER 8:05-bk-17270-ES<br><br>ADVERSARY NUMBER |
| BRIAN GREGG<br>Plaintiff(s),<br><br>vs.<br><br>FAIRLANE CREDIT, LLC; FORD MOTOR CREDIT; AND DOES 1<br>TO 10 INCLUSIVE<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| | | | |
|---|---|---|---|
| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
| ❑  **255 East Temple Street, Los Angeles** | | ❑  **411 West Fourth Street, Santa Ana** | |
| ❑  **21041 Burbank Boulevard, Woodland Hills** | | ❑  **1415 State Street, Santa Barbara** | |
| ❑  **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:  _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                                **F 7004-1**

**F 7004-1**

| In re  BRAIN GREGG | CHAPTER _7_ |
|---|---|
| Debtor. | CASE NUMBER  8:05-bk-17270-ES |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF __ORANGE_____

1.  I am employed in the County of __ORANGE_____, State of California.  I am over the age of 18 and not a party to the within action.  My business address is as follows:

2.  ❑  **Regular Mail Service:**  On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3.  ❑  **Personal Service:**  On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4.  Defendant(s) and address(es) upon which service was made:

❑  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____          _____
*Type Name*                                                        *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*

**F 7004-1**

1  Anerio V. Altman, Esq. #228445
   Law Office of Anerio V. Altman
2  27031 Vista Terrace #209
   Lake Forest, CA 92630
3  Phone (949) 218-2002
   Fax (949) 315-3212
4  avaesq@cox.net

5  **ATTORNEY FOR DEBTOR**
   BRIAN GREGG
6

7              **UNITED STATES BANKRUPTCY COURTS**
           **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**
8

9

10  In Re:  GREGG, BRIAN                    )    Case No.: 8:05-bk-17270-ES
                                            )
11  BRIAN GREGG, an individual              )    Adv. No:
                                            )
12          Plaintiff and Debtor            )    **Chapter 7**
                                            )
13                                          )    **ADVERSARY PROCEEDING FOR**
                                            )    **SANCTIONS UNDER 11 USC § 105 FOR**
14  v.                                      )    **THE WILLFUL VIOLATION OF 11 USC**
                                            )    **§ 524 BY CREDIT FAIRLANE CREDIT,**
                                            )    **LLC. AND TO REDEEM PROPERTY**
15                                          )    **UNDER 11 USC § 722**
                                            )
16  FAIRLANE CREDIT LLC, a foreign Limited  )
                                            )    **11 USC § 105**
17  Liability Company, FORD MOTOR CREDIT,   )    **11 USC § 524**
                                            )    **11 USC § 722**
18  a foreign corporation; and DOES 1 through 10. )
                                            )    **JUDGE**
19          Defendants and Creditors.       )    ERTHE SMITH
                                            )
20                                          )    **TRUSTEE**
                                            )    JAMES J. JOSEPH
21                                          )
                                            )    **341A CONCLUDED:**
22                                          )    10/31/2005
                                            )
23  _____)

24      BRIAN GREGG ("Plaintiff", "Debtor") brings this complaint for sanctions against

25  Creditor FAIRLANE CREDIT, LLC. and FORD MOTOR CREDIT, ("Creditors" "Defendants")

26  for the violation of 11 USC § 524 in attempting to collect upon a debt discharged in case #8:05-

27

28  _____
                              ~ 1
                      ADVERSARY COMPLAINT

bk-17270. DEBTOR also brings this motion for court permission to redeem the Creditors' collateral for $1.00.

### INTRODUCTION

1.  This is a complaint for sanctions for the actions of DEFENDANTS in attempting to collect a discharged debt and for permission to redeem the DEFENDANTS' collateral for $1.00.

### JURISDICTION AND VENUE

2.  Jurisdiction is conferred on this Court pursuant to the provisions of 11 U.S.C 700 et. seq. and 11 U.S.C. 300 et. seq.of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtors in that case.

3.  This court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. Sec. 1334 and pursuant to 28 U.S.C. 157(b)(2) in that this is a "core" proceeding regarding the court's ability to enforce the discharge injunction of 11 USC § 524 pursuant to 11 USC § 105, and the court's ability to govern the redemption of property under 11 USC § 722.

4.  Venue is appropriate in this court pursuant to 28 U.S.C. Sec. 1409(a).

5.  The underlying bankruptcy case was commenced on September 26, 2005, by the filing by the Debtor of a voluntary petition under Chapter 7 of the Bankruptcy Code.

6.  Plaintiff has standing to seek the relief identified in this Complaint pursuant to 11 USC § 105 and 11 USC § 722.

7.  The DEBTOR in this case was and is a debtor under Chapter 7 of Title 11 of the United States Code in case number 8:05-bk-17270-ES.

8.  The 341(A) meeting of creditors was held and concluded in Santa Ana, California on October 31, 2005.

9.  A discharge was entered in this case on February 16, 2006.

ADVERSARY COMPLAINT

10. DEBTOR is informed and believes and thereon alleges that Defendant FAIRLANE CREDIT, LLC is a corporation qualified to do business in the State of California.

11. DEBTOR is informed and believes and thereon alleges that Defendant FORD MOTOR CREDIT is a corporation qualified to do business in the State of California.

12. Plaintiffs are unaware of the true names and capacities of the fictitiously named Defendant DOES 1 through 10, inclusive, or to the extent that such names are known, is unaware of whether a cause of action exists against them, and, therefore, sues those Defendants by such fictitious names. Debtors will seek legal recourse to amend this Complaint to set forth the true names and capacities of such fictitiously named defendants when the same are ascertained. FAIRLANE CREDIT, LLC., FORD MOTOR CREDIT and DOES 1 through 10 may be referred to as "DEFENDANT", "DEFENDANTS" individually and collectively throughout without changing the identity of the parties.

## FACTS

13. Debtor filed a Bankruptcy Petition on September 26, 2005 which was assigned case #8:05-bk-17270-JR, which was later changed to #8:05-bk-17270-ES.

14. Debtor listed FAIRLANE CREDIT, LLC. as a creditor on his initially filed petition. Exhibit A. DEBTOR alleges that FAIRLANE CREDIT, LLC. is registered as a California Limited Liability Company. Exhibit B.

15. FAIRLANE CREDIT, LLC. was listed as a secured creditor with a security interest in a 1997 FORD CONTOUR. ("FORD"). As of the date of filing of the petition, the FORD is non-operational. Exhibit C.

16. The FORD is sitting in the DEBTOR's lawn and without legal title, he cannot dispose of it. See California Vehicle Code 5600 et seq.

ADVERSARY COMPLAINT

17. DEBTOR, pursuant to 11 USC § 521(a)(2), timely stated his intent on his petition to surrender the FORD.  Exhibit D.

18. DEBTOR did nothing to prohibit DEFENDANTS from reclaiming the vehicle.

19. DEBTOR received a discharge in 8:05-bk-17270 on 2/16/2006.  Exhibit E.

20. On or about 9/20/2006, DEBTOR contacted FAIRLANE CREDIT, LLC. on the telephone to arrange surrender of the vehicle.  Exhibit C, *supra*.

21. At that time, FAIRLANE CREDIT, LLC. directed DEBTOR to FORD MOTOR CREDIT as "their parent company".  DEBTOR then spoke to an agent purporting to be with FORD MOTOR CREDIT on the phone.  Id.

22. FORD MOTOR CREDIT, by way of their agent, informed Debtor that they would not pick up the vehicle due to the decline in value of the vehicle.  Id.

23. DEBTOR then asked if he could be given full title to the vehicle so he could dispose of the vehicle.  Id.

24. FORD MOTOR CREDIT, by way of their agent, then asked for $1000.00 for the purpose of releasing their lien.  Id.

25. DEBTOR, could not, and informed the agent of FORD MOTOR CREDIT that he could not, pay $1000.00.  Id.

26. FORD MOTOR CREDIT, by way of their agent, then asked for $500.00 for the purpose of releasing their lien.  Id.

27. DEBTOR, could not, and informed FORD MOTOR CREDIT that he could not, pay $500.00.  Id.

28. FORD MOTOR CREDIT then informed the Debtor that they would leave the FORD on his lawn until he paid them to release their lien.

## FIRST CAUSE OF ACTION SANCTIONS UNDER 11 USC § 105 FOR THE VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 USC § 524

29. DEBTOR re-alleges and incorporates paragraphs 1 through 28 herein by this reference.

30. DEBTOR alleges that DEFENDANTS violated the Debtor's Chapter 7 discharge injunction because their demand for money, combined with their refusal either to repossess the vehicle, or to release their lien, is a coercive attempt to force the Debtor to repay his discharged personal liability on his car loan if he wishes to move or dispose of the vehicle. See Pratt v. GMAC 462 F. 3d 14 (1st); See also In Re Groth 269 B.R. 766, 767-68(6th) ("If the secured creditor determines that its collateral is worth less than the cost of taking it into its possession, the creditor must waive the effect of its lien so that the debtor is able to dispose of the collateral").

31. DEFENDANTS actions negate DEBTOR's right to surrender the vehicle pursuant to 11 USC § 521(a)(2).

32. DEBTOR alleges that DEFENDANTS had actual and constructive knowledge of the DEBTOR's discharge in his Bankruptcy case.

33. Further, DEBTOR alleges that DEFENDANTS' refusal to repossess the vehicle unless DEBTOR pays the DEFENDANTS monies deprives DEBTOR of the right to freely use his property by occupying and destroying his lawn.

34. DEBTOR cannot dispose of the vehicle without title or release of the DEFENDANTS' lien.

35. DEFENDANTS actions may cause the DEBTOR damages by having him fined or penalized by his landlord. Id.; Exhibit F.

36. DEFENDANTS actions willfully violate the discharge injunction of 11 USC § 524. See Pratt v. GMAC, 462 F.3d 14 (1st)

**SECOND CAUSE OF ACTION**

**REQUEST TO REDEEM THE FORD UNDER 11 USC § 722 FOR $1**

37. Debtor re-alleges and incorporates paragraphs 1 through 36 herein by this reference.

-- 5

38.    DEBTOR has the right to redeem property in his Bankruptcy Estate pursuant to

11 USC § 722 which states:

```
An individual debtor may, whether or not the debtor has
waived the right to redeem under this section, redeem
tangible personal property intended primarily for personal,
family, or household use, from a lien securing a
dischargeable consumer debt, if such property is exempted
under section 522 of this title or has been abandoned under
section 554 of this title, by paying the holder of such
lien the amount of the allowed secured claim of such holder
that is secured by such lien in full at the time of
redemption.
```

39.    The DEBTOR may redeem the FORD by paying the DEFENDANTS the allowed

secured claim that is secured by their lien in full at the time of redemption.

40.    The FORD is non-operational.  See Exhibit C, *supra.*

41.    DEFENDANTS have stated that the vehicle is not worth repossessing and have

made no attempt to repossess the FORD in over two years.  Id.

42.    Based on the DEFENDANTS treatment of the FORD, the DEBTOR alleges that

the FORD's value is negligible or non-existent.

43.    Based on the foregoing, the DEBTOR is prepared to offer $1.00 to redeem the

FORD.  See In Re Groth, *supra.*

**PRAYER FOR RELIEF**

Based on the foregoing, the DEBTOR requests the following:

1.    Sanctions under 11 USC § 105 against DEFENDANTS for violating the discharge

injunction of 11 USC § 524;

2.    Attorney's fees and costs incurred for bringing this suit;

3.    Damages for destruction to the DEBTOR's lawn;

4.    Damages incurred from the Landlord's actions, if any, against the FORD, if such actions

are taken after the filing of this complaint;

5.     An order assigning title to the FORD to the DEBTOR, or releasing the DEFENDANTS lien, or;

6.     In the alternative, an order compelling the DEFENDANTS to repossess the car; or

7.     In the alternative, an order giving the Debtor the right to redeem the vehicle in the amount of $1.00 and costs for having to dispose of the vehicle.

8.     Any other relief the court finds just and proper.

Dated: 2/10/2008                         Signed:/S/ ANERIO V. ALTMAN

                                         Anerio V. Altman, Esq.

                                         Attorney for Debtor and Plaintiff

                                         Brian Gregg

- 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 8 -

ADVERSARY COMPLAINT

**IN RE Gregg, Brian A**
_____
Debtor(s)

Case No. _____

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," respectively, in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See instructions above) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL. | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 00362061 **Bombadier Capital Inc. Mortgage Division 12735 Gran Bay Parkway West Suite 1000 Jacksonville, FL 32258** | | | | | | | 88,852.80 | |
| | | | Value $  31,000.00 | | | | | 57,000.00 |
| Account No. 16409411001 **Fairlane Credit P.O. Box 743617 Dallas, TX 75374-3577** | | | | | | | 6,000.00 | |
| | | | Value $  2,000.00 | | | | | 4,000.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No | | | | | | | | |
| | | | Value $ | | | | | |
| **0** Continuation Sheets attached | | | | | | Subtotal (Total of this page) | 94,852.80 | |
| | | | (Complete only on last sheet of Schedule D) | | | **TOTAL** | 94,852.80 | |
| | | | | | | | (Report total also on Summary of Schedules) | |

© 1993-2005 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

EXHIBIT A

PAGE 9 of 15

California Business Search



# California Business Portal

Secretary of State · DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of Feb 8, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

## LP/LLC

FAIRLANE CREDIT LLC

| | | |
|---|---|---|
| **Number:** 199712210049 | **Date Filed:** 5/2/1997 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |

### Address

9930 FEDERAL DR

COLORADO SPRINGS, CO 80921

### Agent for Service of Process

C T CORPORATION SYSTEM (C0168406)

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

EXHIBIT B

Page 10 of 15

1

## DECLARATION OF BRIAN GREGG

2   I, BRIAN GREGG, declare as follows:

3   1.    I am over the age of 18 years and am able and competent to testify to the
4         foregoing if required to do so in a court of law.

5   2.    I am the Debtor of record in Bankruptcy Proceeding 8:05-bk-17270.

6   3.    I listed FAIRLANE CREDIT, LLC (Hereinafter "FAIRLANE") as the
7         secured creditor on a 1997 FORD CONTOUR(Hereinafter "VEHICLE"), a
8         vehicle listed appropriately on Schedule B of my petition.

9   4.    Although I am not an auto mechanic, at all times herein, the VEHICLE was
10        non-operational to the best of my knowledge.

11  5.    My stated intention on my petition was to surrender the VEHICLE.

12  6.    FAIRLANE has never come to pick up the VEHICLE.

13  7.    I attempted to negotiate either the surrender or disposal of the VEHICLE
14        with FAIRLANE on or after 2/16/2006.

15  8.    On or about September 20th, 2006, I contacted FAIRLANE who directed me
16        to an agent of FORD MOTOR CREDIT, their parent company.

17  9.    The agent of FORD MOTOR CREDIT informed me that they would not
18        pick up the vehicle due to the decline in the VEHICLE's value.  Further,
19        they informed me that I would need to pay $1000.00 for the purpose of
20        releasing title so that I could dispose of the vehicle myself.  When I said that
21        I could not pay $1000.00, during the same phone conversation, they asked if
22        I could pay $500 instead.  When I said that I could not pay this amount, they
23        said that they would leave the car on my lawn until I did.

24  10.   I cannot pay this amount of money, nor feel that I should.

25  11.   I have been relegated to having the VEHICLE remain on my lawn since
26        2005 and believe that I may be fined by my landlord for the aesthetic and
27        physical damage caused by the VEHICLE's presence.

28

01-08-2008   12:48pm   From-SUNRISE FORD INTERNET                 9094340598          T-605   P.003/003   F-636

1  I declare the above statements under penalty of perjury of the laws of the United

2  State as true to the best of my knowledge.  Regarding those matters I do not know

3  to be true, I believe them to be true.

4

5  Dated: 1/8/07              Signed: _Brian Gregg_

6                             BRIAN GREGG

7

...

28

Declaration  - 2

EXHIBIT C PAGE 2

PAGE 12 of 15

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                    Case No. .......... .......................

Gregg, Brian A .............................................................................................. Chapter 7 .......................................
                          Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.
2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

*a. Property to be Surrendered*

| DESCRIPTION OF PROPERTY | CREDITOR'S NAME | |
|---|---|---|
| 1997 Ford Contour | **Fairlane Credit** | |

*b. Property to be Retained [Check any applicable statement.]*

| DESCRIPTION OF PROPERTY | CREDITOR'S NAME | PROPERTY IS CLAIMED AS EXEMPT | PROPERTY WILL BE REDEEMED PURSUANT TO 11 U.S.C. § 722 | DEBT WILL BE RE-AFFIRMED PURSUANT TO 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| 1 Golden West, 1991 Manufactured Home, Serial Bombadier Capital Inc. | | | Retain * | |

\* Retain and pay pursuant to original contract

| 09/26/2005 | /s/ *Brian A Gregg* | | |
|---|---|---|---|
| Date | **Brian A Gregg** | Debtor | Joint Debtor (if applicable) |

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

.....................................................................................
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.
                                                               (Required by 11 U.S.C. § 110(c).)
.....................................................................................

.....................................................................................
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

.....................................................................................
Signature of Bankruptcy Petition Preparer                     Date

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedures may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

© 1993-2005 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Form B18 (Official Form 18)
(10/05)

# United States Bankruptcy Court
## Central District Of California

411 West Fourth Street, Suite 2030 Santa Ana, CA 92701-4593

## DISCHARGE OF DEBTOR
## IN A CHAPTER 7 CASE

**DEBTOR(S) INFORMATION:**
Brian A Gregg
SSN: xxx-xx-4033
EIN: N/A

1931 E. Meats Ave. #9
Orange, CA 92865

**BANKRUPTCY NO.** 8:05-bk-17270-RA
**CHAPTER** 7

It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT,

Dated: February 16, 2006

**Jon D. Ceretto**
Clerk of the Court

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION

(Form rev. 10/05) VAN-30

B/ STE

EXHIBIT E

PAGE 14 of 15

URGENT            **FINAL WARNING NOTICE**            URGENT

Park Name: <u>**Orange Mobilehome Park**</u>

To: Brian Gregg, Walter R. Lemus and to all residents in possession of the mobilehome located at: **1931 E. Meats Ave, Orange, CA 92865 Space # 9**

I am the Regional Manager for Mobile Community Management Co., the managing agent for Orange MobileHome Park.

This Notice is being sent to you because it has been reported to me by Park Management that you have failed to comply with prior Notices sent to you by the Community Manager, including a "Courtesy Reminder" on September 19, 2007 and a "Warning Notice" on October 24, 2007 and a Second "Warning Notice" on November 13, 2007

**YOU HAVE CONTINUED TO VIOLATE THE RULES AND REGULATIONS OF THE PARK**, specifically

Rules 7f, 8a, e, f, o, 9d, f , (see copy attached)

1. <u>You are storing unauthorized items on your porch, driveway and rear of your space.</u>
2. <u>Handrails on left side of home are not Park Approved.</u>
3. <u>You have an inoperable vehicle with tag number 4vvl020.</u>
4. <u>You have an inoperable motorcycle.</u>
5. <u>Home needs to be washed.</u>
6. <u>You have shelves and hanger along carport wall.</u>
7. <u>You have Christmas lights up.</u>

**YOUR COMPLIANCE IS REQUIRED BY** <u>February 4, 2008</u> **AS FOLLOWS:** _____ _____

1. <u>You must remove all unauthorized items that you are currently storing at your space, including but not limited to: baskets, chairs, containers, bicycles, dog bowel, glass holder, bags, storage container.</u>
2. <u>You must install Park approved handrails on left side of home.</u>
3. <u>You must remove the inoperable vehicle within 72 or it will be towed anytime after that at the vehicle owners expense.</u>
4. <u>You need to remove inoperable motorcycle.</u>
5. <u>You need to wash home.</u>
6. <u>You need to remove shelves and hangers.</u>
7. <u>You must remove all Christmas lights by January 15.</u>
8. <u>You must remove Christmas lights.</u>

If you fail to timely comply with this Notice, this matter will be referred to the Legal Dept which will institute actions to terminate your tenancy as provided in Section 798.56 of the California Civil Code.